**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Berner, | No. CV-23-00677-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. Plaintiff does not work and has no income. Plaintiff's spouse, in this community property state,[1] earns $61.200.00 per year. (Doc. 2 at 2). She has $929.00 in her checking account. (*Id.*).

The Ninth Circuit Court of Appeals has discussed when a district court should grant in forma pauperis status:

> Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. [footnote omitted] *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277

---

[1] The Ninth Circuit Court of Appeals has held that whether spousal income may be considering in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015). Here, in her in forma pauperis application, Plaintiff has indicated that she and her husband share income. (Doc. 2 at 5).

F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

…

As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status.

*Escobedo v. Applebees,* 787 F.3d 1226, 1234-36 (9th Cir. 2015).  The Court of Appeals noted in its analysis: "Once [Escobedo's] rent and debt payments were taken into account, she would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee." *Id.* at 1235.

Thus, a possible reading of *Escobedo* is that if Plaintiff's rent and debt payments exceed her income, Plaintiff is eligible for in forma pauperis status.  *Id.* However, taken to its extreme, this reading would mean someone earning millions of dollars per year would qualify for in forma pauperis status as long as they are spending more than they earn.  Conversely, the *Escobedo* court seemed to recognize some limits on this formula.  For example, the Court noted: "the $350 fee represented roughly forty percent of Escobedo's monthly income." *Id.* at 1235.  The Court also stated: "the filing fee would … be twenty-six percent of Escobedo's communal property share of the family's monthly income and thirteen percent of the total monthly family income." *Id.*  Thus, the Court in *Escobedo* seemed to also tether its holding to a calculation of how much of a plaintiff's monthly budget a filing fee would represent.

Here, the $402 filing fee would be approximately 8% of the community's monthly income.  By way of comparison, approximately 26% of the community's monthly income is spent on utilities.  (Doc. 2 at 4).  Indeed, the utilities are so high ($1,325.00), they equal 70% of the monthly rent payment ($1,900.00), which is so unusually disproportionate it would require further documentation to understand. Similarly, Plaintiff spends $150 per month on her pets, which is 3% of the family's income.  The filing fee would be 43% of the family's savings if they choose not to pay it from income.

Even accepting Plaintiff's unusually high expenditures relative to the communities'

1  income, after all expenditures the community still has a surplus of $175 per month.  Thus,
2  the community could pay the filing fee without forgoing eating like the plaintiff in
3  *Escobedo.*

4       For the foregoing reasons, the Court finds that Plaintiff has not established that she
5  is entitled to in forma pauperis status.  Accordingly, Plaintiff must either pay the filing fee,
6  or submit additional documentation explaining the $1,325 per month in utilities, $150 per
7  month in pet fees, and $150 per month in medical bills in addition to $250 per month in
8  medical insurance.

9       Thus, based on the foregoing,

10      **IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is
11 denied.  Within 10 days Plaintiff must either pay the filing fee or file a more detailed motion
12 to proceed in forma pauperis as specified above.  If Plaintiff does not do one of these things
13 within 10 days, the Clerk of the Court shall dismiss this case without prejudice and enter
14 judgment accordingly.

15      Dated this 4th day of May, 2023.

_____
James A. Teilborg
Senior United States District Judge